IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. SMITH, | : | CIVIL NO. 1:07-CV-1192 |
| Petitioner | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Before the Court is Petitioner Charles E. Smith's petition for a writ of habeas corpus. (Doc. No. 1.) Also before the Court is a "partial answer" and "brief in support of partial answer" filed by Respondents, in which Respondents argue that the instant petition should be dismissed for failure to exhaust state remedies.[1] (Doc. Nos. 12 & 12-2.) Smith has filed a "response to Respondents partial answer," in which he opposes dismissal of his petition on exhaustion grounds. (Doc. No. 13.) Upon careful consideration of the parties' submissions, and for the reasons discussed below, the Court finds that the petition should be denied and that the case should be closed.

**I.   BACKGROUND**

   **A.   State court proceedings**

At the time he submitted his petition for a writ of habeas corpus, Smith was incarcerated at the Dauphin County Prison, in Dauphin County, Pennsylvania, serving an aggregate sentence

---

[1] Respondents' partial answer, brief in support thereof, and supporting documentation are essentially a motion to dismiss and supporting documents arguing that, at a matter of law, Smith cannot obtain the relief he seeks. See 28 U.S.C. § 2254(b)(1) (prohibiting the issuance of a writ of habeas corpus unless it appears that "the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective. . . .").

of imprisonment for 11 ½ to 23 months for several crimes to which he pleaded guilty on March 13, 2007, pursuant to a negotiated plea agreement: Theft by Unlawful Taking, Possessing Instruments of Crime and two counts of Criminal Mischief, docketed at No. CP-22-CR-0001063-2006, and to Burglary and Criminal Conspiracy, docketed at No. CP-22-CR-0001442-2006. (Doc. No. 12-3, at 13-14, 29-30.)

Smith commenced service of his sentence on April 20, 2007, when, pursuant to the sentencing court's instructions, he reported to the Dauphin County Prison work-release center. (Doc. No. 1, at 1; Doc. No. 12-3, at 13-14, 29-30). Shortly thereafter, he was informed that he violated his parole and was removed from the work-release program. (Doc. No. 2, at 2.) Smith contends that he has not been served with notice of the parole violations and has not had a hearing. (Id.)

He has since filed a series of motions with the Court of Common Pleas of Dauphin County. (Doc. No. 1, at 3; see also Doc. Nos. 12-3 & 12-4.) Specifically, Smith moved to modify and reduce his sentence, filed a petition for writ of habeas corpus, and submitted a petition for custodial change. (Doc. No. 12-3, at 15-16, 31; Doc. No. 12-4, at 2, 8, 13.) In these motions, he complained that he had been moved from the work-release center to the general population in Dauphin County Prison in violation of the terms and conditions of his plea agreement and sentence and in violation of his constitutional rights. (Doc. No. 13-4.) A hearing was held on these motions before Judge Turgeon of the Dauphin County Court of Common Pleas, and shortly thereafter Judge Turgeon denied Smith's motions.[2] (Doc. No. 12-3, at 5, 15-

---

[2] According to Respondents, the motions were disposed of as follows:

On July 24, 2007, following a hearing on Smith's motions/petitions,

16, 21, 31-32; see also Doc. No. 12-4, at 16-20.)  No appeals have been taken from any of the orders denying relief.  (Doc. No. 12-3, at 16, 32.)

### B.   Current proceeding

Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 3, 2007, arguing that "to date I the Petitioner Charles E. Smith has been in Custody 30 days and have yet to be served with any parole violations, nor have I seen a Parole Agent, nor have I had any type of hearing, nor have I seen a Judge.  This is a clear violation of my Constitutional Rights to Due Process and as such why I move before this court for Habeas Corpus."  (Doc. No. 1, at 2.)  Smith also mentions his desire that the Court "dismiss/discharge with prejudice the sentencing order . . . " based on his removal from the work-release program.  (Id. at 4.)  The petition was reviewed and Respondents were ordered to answer the petition.  (Doc. No. 6.)  Respondents filed a motion for leave to file a partial answer solely addressing Smith's failure to exhaust his state court remedies.  (Doc. No. 9.)  The motion was granted (Doc. No. 10), and on July 30, 2007, Respondents filed a "partial answer" seeking dismissal of the petition pursuant to 28 U.S.C. § 2254(b)(1) for failure to exhaust state court remedies.

In his response to the partial answer and supporting brief, Smith reiterates his substantive

---

> Judge Turgeon denied the Motion to Modify and Reduce Sentence and his Petition for Custodial Change.  The Motion to Modify and Reduce Sentence was an untimely post-sentence motion.  See Pa.R.Crim.P. 720(A)(1) (requiring a post-sentence motion to be filed within ten days from the date of sentence).  The Petition for Custodial Change was moot because Smith already had been returned to the Work Release Center.  Under Pennsylvania law, the writ of habeas corpus has been subsumed by the Post Conviction Relief Act.  42 Pa. C.S.A. § 9542.

(Doc. No. 12-2, at 2-3; Doc. No. 12-4, at 16, 18, 20.)

concerns regarding his removal from the work-release program and the lack of notice and a hearing relating to his parole violations. (Doc. No. 13.) With respect to the exhaustion issue raised by Respondents, Smith states: "Petitioner was forced to file said Petition with the District Court simply because he had been in Custody over 60 days in Dauphin County Prison and needed help. Having stated such, Petitioner tried to exhaust all available remedies, thru letters and post trial motions, yet never heard a thing." (Doc. No. 13, at 3.)

## II.     DISCUSSION

As a preliminary matter, the Court must address whether petition now before it has been rendered moot by events post-dating the filing of the petition. See In re Surrick, 388 F.3d 224 (3d Cir. 2003) ("[T]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.") (quoting Jersey Cent. Power & Light Co. v. State of N.J., 772 F.2d 35, 39 (3d Cir. 1985)). Smith's challenge lies with the purportedly improper transfer from the work-release camp to the prison itself and his continued detention at that location. (See Doc. No. 1.) Since this action was initiated, the Dauphin County Court of Common Pleas held a hearing on several motions filed by Smith challenging the legality of his transfer from the work-release program and requesting a custodial change. (Doc. No. 1, at 3; see also Doc. Nos. 12-3, at 15-16, 31; 12-4.) The state court denied as moot the request for custodial change because Smith had been returned to the work-release camp. (Doc. No. 12-2, at 3) ("The Petition for Custodial Change was moot because Smith already had been returned to the Work-release Center."); (see also Doc. No. 13, at 8) (showing Smith's return address to be the Dauphin County work-release

center).[3] It appears that Smith has obtained the relief he sought in his habeas petition, as he is no longer in the Dauphin County Prison, which would render the instant matter moot; however, in an abundance of caution and because Smith's reference to his "sentencing order" and "release . . . from custody" at the conclusion of his motion may arguably mean release from any kind of custody, including any term of parole or probation, the Court will address the merits of Respondents' "partial answer" and consider whether Smith has exhausted his state remedies.[4]

Congress has made clear that habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

The exhaustion requirement gives states "the opportunity to pass upon and correct

---

[3] Additionally, the Court notes that Smith has since been released from both Dauphin County Prison's general population and its work-release camp. (Docket entry for September 17, 2007) (notifying the court that Smith had changed his address to an apartment in Harrisburg). However, it appears that Smith may have been released on parole or probation and thus still "in custody" for habeas purposes. See Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988) (stating that the district court's jurisdiction under § 2254 continues until the expiration of the petitioner's probationary term).

[4] In the "requested relief sought" portion of his motion, Smith requests that the Court "release Petitioner from Custody. As no-one has the Authority to revoke the Courts sentencing order [referring him to the work-release center] as mentioned in section one of this petition." (Doc. No. 1, at 4.) Smith may be seeking release from the Dauphin County Prison general population back to the work-release program, or Smith may be pursuing a complete release from any type of state custody.

alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotations omitted). "To provide the [s]tate with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court[,] . . . thereby alerting that court to the federal nature of the claim." Id. Fair presentation "requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. Both the legal theory and the facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court." Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted).

The record clearly demonstrates that Smith has failed to exhaust his available state court remedies with regard to his request to be released from custody and/or for the sentencing order to be "dismiss[ed]/discharge[d]," as he has not pursued any relief beyond the trial court. (See Doc. No. 4), see also 28 U.S.C. § 2245(b)(1)(A). Nor has Smith shown that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective . . . ." 28 U.S.C. § 2254(b)(1)(B). Accordingly, the Court finds that the petition is subject to dismissal for failure to exhaust state remedies. An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES E. SMITH,** : | **CIVIL NO. 1:07-CV-1192** |
| Petitioner : | |
| : | **(Chief Judge Kane)** |
| v. : | |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA, et al.,** : | |
| Respondents : | |

# ORDER

**AND NOW**, this 20th day of February, 2008, upon consideration of Smith's request for a writ of habeas corpus, Respondents' partial answer thereto, and the parties' arguments, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Petitioner Charles E. Smith's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** the case file.

3. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania